IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-441-BO-BM

AFCO PERFORMANCE GROUP, LLC,      )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          EX PARTE ORDER
                                  )
THE PARTNERSHIPS AND              )
UNINCORPORATED ASSOCIATIONS       )
IDENTIFIED ON SCHEDULE A,         )
                                  )
            Defendants.           )

This matter comes before the Court on plaintiff's ex parte motion to extend the temporary restraining order issued in this case and reschedule the preliminary injunction hearing. [DE 57]. Plaintiff commenced this lawsuit on June 28, 2026 by filing a complaint concurrently with a motion for a temporary restraining order and preliminary injunction. A hearing was held before the undersigned on July 1, 2026, in Elizabeth City, North Carolina. The Court entered a temporary restraining order that day. [DE 51]. The Court incorporates by reference as if fully set forth herein the factual background of this action as recounted in its temporary restraining order. *Id.*

The temporary restraining order sought to provide plaintiff an opportunity to discover the identities of the various Schedule A defendants in time to provide them notice of a preliminary injunction hearing. It furthermore sought to protect against the likelihood that defendants "would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts." [DE 51, p. 2]; [DE 58, p. 3]. Plaintiff now seeks to extend the temporary restraining order's time because it has not yet, despite its diligent efforts to discover their identities, received the information necessary to effect service on the defendants or notify them of the hearing presently scheduled for Monday, July 13, 2026.

Case 5:26-cv-00441-BO-BM    Document 59    Filed 07/10/26    Page 1 of 2

A temporary restraining order "expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." Fed. R. Civ. P. 65. Good cause would logically include "that a moving party despite diligent efforts needs additional time to prepare and present its preliminary injunction[.]" *Potato Ventures LLC v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 25-2312-DDC-RES, 2025 WL 1825560, at *1 (D. Kan. July 2, 2025) (citing *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001)).

Good cause exists to extend the temporary restraining order in this case. Plaintiff has not received the information necessary to effect service on defendants or to notify them of the scheduled preliminary injunction hearing. Furthermore, the possibility remains that defendants would remove assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. It would frustrate the temporary restraining order's fundamental purposes to allow it to expire before plaintiff can notify defendants of the preliminary injunction hearing.

For the foregoing reasons, and for those additional reasons identified by plaintiff in its memorandum in support of its motion [DE 58] and attached declaration [DE 58-1], the Court finds good cause to extend the temporary restraining order. Plaintiff's motion [DE 57] to extend the temporary restraining order and reschedule the hearing is GRANTED. The temporary restraining order is extended an additional fourteen days and will expire at 2:00 p.m. on July 29, 2026. The preliminary injunction hearing is reset for July 22, 2026 at 3:00 p.m. in Raleigh, North Carolina.

SO ORDERED, this 10th day of July, 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2